**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| In re:<br><br>AUDRIE CHRISTINE M KRETZING<br>and JAMES ALLISON KRETZING,<br><br>Debtors. | Case No. 25-10304-BFK<br>Chapter 13 |

**MEMORANDUM OPINION AND ORDER**
**DENYING TRUSTEE'S MOTION**
**TO DISMISS**

This matter came before the Court on March 20, 2025, on the Chapter 13 Trustee's Motion to Dismiss this bankruptcy case pursuant to Bankruptcy Code Section 109(g). Docket No. 10. The Debtors filed an Opposition to the Motion. Docket No. 13. For the reasons stated below, the Court will deny the Trustee's Motion.

**Findings of Fact**

The Court finds that the following facts are not in dispute.

*A.  The Debtors' First Bankruptcy Case, Case No. 24-11144-KHK.*

1.  On June 21, 2024, Audrie Christine Mendoza Kretzing and James Allison Kretzing ("the Debtors"), filed a Voluntary Petition under Chapter 13 with this Court. Case No. 24-11144-KHK.[1]

---

[1] The Court can take judicial notice of the matters contained in its own docket. *In re Heilig-Meyers Co.*, 328 B.R. 471, 488–89 (E.D. Va. 2005); *In re Rivera*, Adv. Pro. No. 13–01280, 2014 WL 287517, at *2 n.2 (Bankr. E.D. Va. Jan. 27, 2014); *In re Ryan*, 472 B.R. 714, 727–28 (Bankr. E.D. Va. 2012); *In re Giordano*, 472 B.R. 313, 335 n.15 (Bankr. E.D. Va. 2012).

1

2. On October 9, 2024, Navy Federal Credit Union filed a Motion for Relief from the Automatic Stay with respect to the Debtors' property at 25943 Cullen Run Pl., Aldie, VA 20105. Docket No. 34.

3. On October 16, 2024, the Chapter 13 Trustee filed an Amended Objection to Confirmation of the Debtors' Amended Chapter 13 Plan, and a Motion to Dismiss the case. Docket Nos. 39, 40. In both pleadings, the Trustee alleged that based on Navy Federal's Relief from Stay Motion, it appeared that the Debtors were not paying their post-petition mortgage payments. *Id.*[2]

4. On November 14, 2024, Judge Kindred denied confirmation of the Debtors' Amended Plan with leave to amend within 21 days. Docket No. 30. Specifically, she found that the Debtors did not meet the liquidation test, in that their Plan did not provide the creditors with at least as much as they would receive under Chapter 7. Docket No. 55, Hr'g Tr. 14:20–15:3. Judge Kindred further denied confirmation on the ground of good faith, stating: "What I am going to deal with is the issue of good faith, because this nickel and diming over less than 1,000 dollars, under these circumstances where you clearly have not met the liquidation test, to me speaks of hubris." *Id.* at 15:5–8. She did not make a finding on feasibility. *Id.*

5. Judge Kindred continued the Trustee's Motion to Dismiss to December 12, 2024. *Id.* at 15:13–17; Docket No. 48.

6. The Order Denying Confirmation, which is a standard form order, provided in relevant part:

> **ORDERED** that <u>unless the Court has entered an order previously confirming a Chapter 13 Plan</u>, the debtor shall take one of the actions enumerated in Local Bankruptcy Rule 3015−2 within twenty one

---

[2] The Debtors' Amended Chapter 13 Plan called for them to pay $800.00 per month for 60 months. Docket No. 26, ¶ 2. According to the Amended Plan, this would have paid priority claims (the IRS in the amount of $18,000.00 and the Virginia Department of Taxation $1,548.00) in full, would have paid the mortgage arrearages of $14,500.00, and would have paid a distribution to the unsecured creditors of 1%. *Id.* ¶¶ 3(B), 5(A), 6(A).

2

>   (21) days from this Order and that the failure to do so **may result in the dismissal of this Chapter 13 bankruptcy case**; and it is further
>
>   **ORDERED** that the Clerk mail a copy of this order to the debtor(s), the attorney for the debtor(s), the attorney for the objecting creditor(s), and the Chapter 13 Trustee.

Docket No. 51 (emphasis in original).[3]

7. On December 3, 2024, the Debtors filed an Amended Response to the Trustee's Motion to Dismiss. Docket No. 58.

8. On December 4, 2024, the Debtors filed an Opposition to Navy Federal's Relief from Stay Motion. Docket No. 59. In their Opposition, the Debtors acknowledged the post-petition defaults, and suggested that they could cure the defaults "within a short period of time." *Id.* p. 2.

9. On December 10, 2024, Judge Kindred granted Navy Federal's Relief from Stay Motion over the Debtors' Opposition. Docket No. 61.

10. Also on December 10, 2024, the Court dismissed the case for failure to file an Amended Plan within 21 days pursuant to the Order Denying Confirmation. Docket No. 62.

---

[3] Local Rule 3015-2(F)(1) provides: "If confirmation of a prior plan has been denied, a modified plan must be filed within the period stated in paragraph (H) of this Local Bankruptcy Rule unless the order denying confirmation states some other period." Local Rule 3015(2)(H) provides:

>   If the Court denies confirmation of the debtor's original or subsequently modified Chapter 13 Plan and Related Motions at a hearing on an objection to confirmation, unless the Court has entered an order previously confirming a plan, the Clerk is directed to issue an order dismissing the chapter 13 case unless, within 21 days after denial of confirmation: (1) the debtor files a new Modified Chapter 13 Plan and Related Motions; (2) the debtor converts or moves to convert the case to another chapter of the Bankruptcy Code; (3) the debtor files a motion for reconsideration or appeals the denial of confirmation; or (4) the Court otherwise orders.

The Debtors' Amended Plan would have been due on December 5, 2024.

3

*B. The Debtors' Second Bankruptcy Case, Case No. 25-10304-BFK.*

11. On February 19, 2025, the Debtors filed their second bankruptcy case. Case No. 25-10304-BFK, Docket No. 1.[4]

12. On February 24, 2025, the Trustee filed a Motion to Dismiss this case pursuant to Bankruptcy Code Section 109(g). Docket No. 10.

13. On March 18, 2025, the Debtors filed an Opposition to the Trustee's Motion. Docket No. 13.

14. The Court heard the parties' arguments on March 20, 2024.

## Conclusions of Law

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Order of Reference entered by the District Court for this District on August 15, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

**I.     Section 109(g).**

Bankruptcy Code Section 109(g) provides as follows:

> Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—
> (1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case; or
> (2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

---

[4] The Debtors' proposed Plan in this case would require them to pay $2,000.00 per month for 60 months. Docket No. 2, ¶ 2. According to the Plan, this would pay the priority claims (IRS $19,000.00; Va Dept Taxation $2,200.00) in full, would pay Navy Federal's arrearage claim, now $30,000.00, and would pay unsecured creditors a distribution of 10%. *Id.* ¶¶ 3(B), 5(A), 6(A). It is worth noting that from their first bankruptcy filing in June 2024, to their filing in this case in February 2025, eight months later, the Debtors' arrearages with Navy Federal more than doubled, from $14,500.00 to $30,000.00. The feasibility of the Debtors' Plan remains an issue in this case.

11 U.S.C. § 109(g). This is a Subsection (1) case, in which the Trustee alleges that the Debtors willfully failed to abide by an Order of the Court. The implications of Section 109(g) are important because not only are debtors ineligible to file for bankruptcy where the statute applies, the automatic stay (one of the fundamental protections for debtors) does not come into effect in a case where a debtor is ineligible under Section 109(g). 11 U.S.C. § 362(b)(21)(A).

The Fourth Circuit has described Section 109(g)'s 180-day filing ban as "an *extraordinary* statutory remedy for *perceived abuses* of the [Bankruptcy] Code." *Houck v. Substitute Trustee Services, Inc.*, 791 F.3d 473, 487 (4th Cir. 2015) (emphasis in original) (quoting *Frieouf v. United States (In re Frieouf)*, 938 F.2d 1099, 1104 (10th Cir. 1991).[5] The Fourth Circuit has held that the term "willful," in the context of Section 523(a)(6) ("willful and malicious injury"), means "deliberate or intentional." *In re Stanley*, 66 F.3d 664, 667 (4th Cir. 1995); *see also St. Paul Fire & Marine Ins. Co. v. Vaughn*, 779 F.2d 1003, 1009 (4th Cir. 1985) (quoting H.R. Rep. No. 595, 95th Cong., 1st Sess. 365, reprinted in 1978 U.S. Code Cong. & Ad. News 5963, 6320–21). In the context of Section 109(g), one bankruptcy court has noted: "Willfulness requires more than simple inadvertence or even reckless disregard for a debtor's duties. Courts have found that failing to attend a creditor's meeting or make plan payments are not, on their own, sufficient." *In re Larsen*, No. 23-20027-NGH, 2023 WL 4163461, at *2 (Bankr. D. Idaho June 23, 2023) (denying a Section 109(g) bar for a *pro se* debtor's failure to file a plan or attend the meeting of creditors). *See also In re Williams*, No. A12-00620-GS, 2012 WL 5879275, at *1 (Bankr. D. Alaska Nov. 20, 2012) ("Courts . . . have 'consistently held 'willful' to mean 'deliberate,' 'intentional disregard,' or 'plain

---

[5] The *Houck* case appears to have taken a lengthy journey through the federal courts. Ms. Houck filed her Complaint against her Substitute Trustee, her mortgagee and the mortgagee's servicer on April 26, 2013. *See In re Houck*, Adv. Pro. No. 15-5028, 2020 WL 5941415, at *1 (Bankr. W.D. N.C. Oct. 6, 2020). Although Ms. Houck won a judgment against the Substitute Trustee of over $260,000.00, her appeals against her mortgage lender and the servicer were dismissed on July 19, 2022. *Houck v. LifeStore Bank*, 41 F.4th 266 (4th Cir. 2022), *cert. denied*, 144 S.Ct. 104 (2023).

5

indifference'") (quoting *In re Nix*, 217 B.R. 237, 238–39 (Bankr. W.D. Tenn. 1998); *In re Dos Anjos*, 482 B.R. 697, 703 (Bankr. D. Mass. 2012) ("Bankruptcy courts agree that the debtor's conduct must have been deliberate and intentional, as opposed to accidental or negligent.")

The Court will turn to the facts of this case.

**II.     Application of Section 109(g) to This Case.**

The Trustee argues that the Debtors' failure to file an Amended Plan by December 5, 2024, pursuant to the Order Denying Confirmation, constituted a "failure to comply with an earlier Order of the Court, which was willful." Docket No. 10. The Trustee argues, correctly, that the Debtors and their counsel had notice of the entry of the Order Denying Confirmation of their Plan, and such Order stated that "the debtor *shall* take one of the actions enumerated in Local Bankruptcy Rule 3015−2." (Emphasis added). The Debtors inarguably failed to file an Amended Plan within the 21 days required by Local Rule 3015-2(H), and their case was dismissed.

The Trustee's argument, however, proves too much. All debtors whose plans are denied confirmation are advised in the Order Denying Confirmation, that they shall file an Amended Plan and that the "failure to do so may result in the dismissal of this Chapter 13 bankruptcy case . . . ." Many debtors, and their counsel, might decide that an Amended Plan is not feasible (for example, they might have lost their employment), and they cannot file an Amended Plan in good faith. Some of these debtors then might decide that their financial circumstances have improved (they might now be employed again), and they might re-file a second bankruptcy case within 180 days of the dismissal of their first case. In this sense, all of these debtors made a conscious choice not to file an Amended Plan, but this does not mean that they "willfully" violated a court order. If Congress had intended to include mere inaction within the ambit of Section 109(g), it could simply have

6

deleted the word "willful" from the statute. Surely something more is required for a finding of willfulness.

The Trustee argues that the undersigned has applied Section 109(g) inconsistently. First, the Trustee points to the case of *In re Coleman*, Case No. 19-13761-BKF and Case No. 20-11259-BFK, in which the Court dismissed a second case with prejudice for a period of 180 days pursuant to Section 109(g), after the debtor failed to file Schedules and a Plan in her first case. Docket No. 52. In *Coleman*, however, the Trustee asserted not only that the debtor failed to file a Plan and Schedules, but that the debtor transferred real property during the previous case without court approval and received $60,000.00 in proceeds. Docket No. 48. This kind of conduct seems to be precisely what the "willfulness" requirement in Section 109(g) is designed to address.

Second, in *In re Villatoro*, Case No. 17-12605-BFK and Case No. 20-11681-BFK, the Court dismissed a second case with prejudice for a period of 180 days pursuant to Section 109(g). The first case, *Villatoro I*, had a rather lengthy history. Ms. Villatoro filed her first bankruptcy case on July 28, 2017. Case No. 17-12605-BFK, Docket No. 1. She filed seven Plans (the original Plan and six Amended Plans) before achieving confirmation eighteen months after the petition date, on January 30, 2019. Docket Nos. 13, 23, 31, 36, 46, 57, 71, 83 (Order Confirming Amended Plan). Ms. Villatoro then entered into a Consent Order Modifying the Automatic Stay requiring her to:

> [C]ure the post-petition arrearage currently due to the movant for May, 2019 through March, 2020 in the total amount of $23,172.45, by making a lump sum payment in the amount of $10,000.00 directly to Movant by March 31, 2020 and . . . cure the remaining arrearage in the amount of $13,172.45 through the filing and confirmation of a Modified Chapter 13 Plan. The Modified Chapter 13 Plan will be filed within twenty-one (21) days from the date of entry of this Order . . . .

Docket No. 109. Ms. Villatoro never filed an Amended Plan to cure the remaining arrearage. On June 18, 2020, the Trustee obtained dismissal of the case without objection. Docket Nos. 112, 114.

On July 21, 2020, Ms. Villatoro filed her second bankruptcy case, *Villatoro II*. Case No. 20-11681-BFK, Docket No. 1. On August 25, 2020, the Trustee moved to dismiss the case under Section 109(g). Docket No. 17. The Court held a hearing on the Trustee's motion to dismiss at which the Trustee introduced, among other things, the audio recording of the 341 meeting in *Villatoro II*. Docket No. 19. At the 341 meeting, the Trustee posed the following question to Ms. Villatoro:

> CHAPTER 13 TRUSTEE: In the last case, there was a Court Order that said you were supposed to file a new plan within 21 days. Why didn't you file that plan within that timeframe? Did you make the decision to just not file it to let the case be dismissed and refile this case? Was that the idea?
>
> MS. VILLATORO: Yes, that was the idea.
>
> CHAPTER 13 TRUSTEE: All right, I don't have any other questions. Thank you.

Audio tape: 341 Mtg. Yessmy Villatoro 20-11681 on 8-18-20 (Aug. 18, 2020) (on file with the Chapter 13 Trustee). On September 22, 2020, the Court dismissed the *Villatoro II* case with prejudice for a period of 180 days. Docket No. 20.

In this case, while the prior case proceedings were not as lengthy as those in *Villatoro I* (the Debtors in this case only had two plans on file over a period of six months, Docket Nos. 2, 26), the evidence does not rise to the level of that presented in *Villatoro II*. In *Villatoro II*, the evidence demonstrated that the debtor entered into a consent order and did so merely to default on its terms, obtain a dismissal, and file a second case a month thereafter. Under those circumstances, a finding of willfulness under Section 109(g), was appropriate. To the extent the undersigned has applied Section 109(g) inconsistently, this Opinion will clarify the Court's position on Section 109(g).

A third, more recent case, not cited by either party, bears mentioning, *In re Saadein-Morales*, 24-11119-BFK. In *Saadein-Morales*, Mr. Saadein-Morales filed a Chapter 13 petition on

8

May 10, 2024. Case No. 24-10889-KHK. He was granted additional time to file a creditor matrix. Docket No. 47. When he failed to do so, the Court dismissed his case. Docket No. 50. He filed a second Chapter 13 petition shortly thereafter. Case No. 24-11119-BFK. A creditor, Westridge Swim & Raquet Club, Inc., filed a Motion to Confirm that No Stay was in Effect, based in part on Section 109(g) and 11 U.S.C. § 362(b)(21)(A). The Court granted Westridge's Motion, but only because the Debtor did not move for an extension of the automatic stay, which expired 30 days into his second case. 11 U.S.C. § 362(c)(3). The Court held with respect to Section 109(g):

> Judge Kindred's Order of May 17th required the Debtor to appear on May 23rd. On May 23rd, the Debtor appeared pro se, and the Court granted the Debtor's Motion to Extend Time. Docket Nos. 24, 47. The case was not dismissed as a result of the Debtor's failure to appear in violation of Judge Kindred's Order. The case was later dismissed on the Clerk's Notice which allowed the Debtor to appear on June 13th, but did not require him to appear. Docket Nos. 8, 50.
>
> In any event, the Court finds that the Movants have failed to demonstrate that the Debtor's conduct resulting in the dismissal of the previous case was willful. The case was dismissed for a failure to timely file the Schedules, nothing more.

Docket No. 43, pp. 4–5. *See also In re Saadein-Morales*, No. 1:24-cv-1442 (LMB/IDD), 2025 WL 799511, at *2 (E.D. Va. Feb. 26, 2025) (affirming the Bankruptcy Court's holding that the automatic stay was no longer in effect).

The Debtors in this case were permitted to file an Amended Chapter 13 Plan. When they failed to do so, their case was dismissed pursuant to Local Rule 3015-2. The Court finds that under the circumstances of this case, the Trustee has not demonstrated "willfulness" under Section 109(g).

The Court, therefore, will deny the Trustee's Motion to Dismiss.

**Conclusion**

It is therefore **ORDERED**:

1. The Trustee's Motion to Dismiss (Docket No. 10) is denied.

2. The Clerk shall mail copies of this Memorandum Opinion, or provide CM-ECF notice of its entry, to the parties below.

Date: Apr 16 2025

Alexandria, Virginia

/s/ Brian F Kenney
HONORABLE BRIAN F. KENNEY
CHIEF U.S. BANKRUPTCY JUDGE

Entered On Docket: Apr 16 2025

Copies to:

Audrie Christine M Kretzing
James Allison Kretzing
25943 Cullen Run Place
Aldie, VA 20105
*Chapter 13 Debtors*

Robert Sergio Brandt
600 Cameron Street
Alexandria, VA 22314
*Counsel for Debtors*

Thomas P. Gorman
1414 Prince St.
Ste. 202
Alexandria, VA 22314
*Chapter 13 Trustee*

Matthew W. Cheney
1725 Duke Street
Suite 650
Alexandria, VA 22314
*U.S. Trustee*